No. 26-5123

In the
United States Court of Appeals
for the Ninth Circuit

VALVE CORPORATION,

*Petitioner*,

v.

USERS OF VALVE'S VIDEO GAME PLATFORM, STEAM,

*Respondents*.

On Appeal from the United States District Court for the Central District of California, Case No. 2:24-cv-01717-JNW
Hon. Jamal N. Whitehead, *United States District Judge*

# PETITIONER'S MOTION FOR LEAVE TO FILE REPLY IN SUPPORT OF PETITION FOR PERMISSION TO APPEAL UNDER 28 U.S.C. § 1292(b)

Shay Dvoretzky
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
1440 New York Ave. NW
Washington, DC 20005
Telephone: 202-371-7000
shay.dvoretzky@skadden.com

Parker Rider-Longmaid
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
500 Boylston St.
Boston, MA 02116

Michael W. McTigue Jr.
Meredith C. Slawe
Shaud G. Tavakoli
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
One Manhattan West
New York, NY 10001

Blake Marks-Dias
CORR CRONIN LLP
1015 Second Ave., Fl. 10
Seattle, WA 98104

*Counsel for Petitioner Valve Corporation*

**PETITIONER'S MOTION FOR LEAVE TO FILE REPLY IN SUPPORT OF PETITION FOR PERMISSION TO APPEAL UNDER 28 U.S.C. § 1292(b)**

Pursuant to Federal Rules of Appellate Procedure 5(b)(3) and 27, Petitioner Valve Corporation respectfully requests leave to file the proposed reply brief submitted with this motion in support of Valve's petition for permission to appeal under 28 U.S.C. § 1292(b). Valve's proposed reply addresses Respondents' counterarguments in their answer to the petition and will assist this Court in determining whether to accept Valve's appeal.

This appeal presents two important, unsettled, and recurring questions of law that this Court should resolve: (1) whether a company can condition continued access to licensed recreational software on consent to updates to its terms of service, and (2) whether parties can agree to withdraw consent to the forum for pending disputes. As the petition explains (at 15-28), (1) these questions are "controlling question[s] of law"; (2) "there is substantial ground for difference of opinion" as to how the district court resolved them; and (3) settling them through "an immediate appeal … may materially advance the ultimate termination of the litigation." *See* 28 U.S.C. § 1292(b) (grounds for an immediate appeal of interlocutory orders not appealable as of right).

Respondents' answer in opposition claims (Opp. 8-9, 12-13) that the Court cannot consider Valve's questions because they were not presented to or certified by the district court. But as Valve's proposed reply explains, that is wrong because Valve did present the questions to the district court and they are "fairly included within" the district court's order denying Valve's motion for a preliminary injunction, which the court certified for interlocutory appeal. *Yamaha Motor Corp., U.S.A. v. Calhoun*, 516 U.S. 199, 205 (1996).

Respondents also claim (Opp. 17-18) that the Court cannot consider Valve's questions because in denying Valve's motion for a preliminary injunction, the district court disagreed with Valve on all of the preliminary injunction factors, and not just on likelihood of success on the merits. Thus, in Respondents' telling, agreeing with Valve's view on the merits of the questions presented wouldn't lead to reversal of the preliminary injunction order. But as Valve's proposed reply explains, there is no requirement that questions presented must resolve all the issues in the order on review, much less the litigation, to be considered "controlling." *See In re Cement Antitrust Litigation (MDL No. 296)*, 673 F.2d 1020, 1026 (9th Cir. 1981). And in any event, resolving the questions presented would lead to reversal of the district court's preliminary injunction ruling because the district court's assessment

of the other three preliminary injunction factors was heavily influenced by its view of Valve's likelihood of success on the merits. *See* SA33-37.

Valve thus respectfully asks the Court to consider its proposed reply in determining whether to grant the petition. Valve's counsel has asked Respondents' counsel for Respondents' position on the motion. Respondents' counsel stated: "The Steam users are unable to take a position on Valve's motion because they have not seen a copy of the proposed reply. The users reserve the right to oppose Valve's motion." Valve will again seek Respondents' position after filing this motion, and will update the Court by letter on Respondents' position as to the motion and whether Respondents intend to file a response to the motion.

Dated: August 26, 2026

Respectfully submitted,

*/s/ Shay Dvoretzky*

Shay Dvoretzky
SKADDEN, ARPS, SLATE,
MEAGHER & FLOM LLP
1440 New York Ave. NW
Washington, DC 20005
Telephone: 202-371-7000
shay.dvoretzky@skadden.com

Parker Rider-Longmaid
SKADDEN, ARPS, SLATE,
MEAGHER & FLOM LLP
500 Boylston St.
Boston, MA 02116

Michael W. McTigue Jr.
Meredith C. Slawe
Shaud G. Tavakoli
SKADDEN, ARPS, SLATE,
MEAGHER & FLOM LLP
One Manhattan West
New York, NY 10001

Blake Marks-Dias
CORR CRONIN LLP
1015 Second Ave., Fl. 10
Seattle, WA 98104

*Counsel for Petitioner Valve Corporation*

## CERTIFICATE OF COMPLIANCE

I hereby certify that (1) this motion complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2)(A) and the page limitation of Circuit Rule 27-1(1)(d) because the motion does not exceed 20 pages and, as calculated by Microsoft Word, it contains 546 words, excluding the parts of the motion exempted by Federal Rule of Appellate Procedure 32(f); and (2) this motion complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 32(a)(5) and (6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in a 14-point Book Antiqua font.

Dated: August 26, 2026

Respectfully submitted,

*/s/ Shay Dvoretzky*
Shay Dvoretzky

*Counsel for Petitioner Valve Corporation*

## CERTIFICATE OF SERVICE

Pursuant to Federal Rule of Appellate Procedure 25(b) and Circuit Rule 25-5(g)(1), I hereby certify that on August 26, 2026, I electronically filed the foregoing motion with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the ACMS system. I certify that all participants in the case are registered ACMS users and that the ACMS system will accomplish service.

Dated: August 26, 2026

Respectfully submitted,

*/s/ Shay Dvoretzky*
Shay Dvoretzky

*Counsel for Petitioner*
*Valve Corporation*