No. 26-5123

In the
**United States Court of Appeals**
**for the Ninth Circuit**

VALVE CORPORATION,

*Petitioner*,

v.

USERS OF VALVE'S VIDEO GAME PLATFORM, STEAM,

*Respondents*.

On Appeal from the United States District Court for the Western District of Washington, Case No. 2:24-cv-01717-JNW
Hon. Jamal N. Whitehead, *United States District Judge*

# REPLY IN SUPPORT OF PETITION FOR PERMISSION TO APPEAL UNDER 28 U.S.C. § 1292(b)


Michael W. McTigue Jr.
Meredith C. Slawe
Shaud G. Tavakoli
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
One Manhattan West
New York, NY 10001

Blake Marks-Dias
CORR CRONIN LLP
1015 Second Ave., Fl. 10
Seattle, WA 98104

Shay Dvoretzky
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
1440 New York Ave. NW
Washington, DC 20005
Telephone: 202-371-7000
shay.dvoretzky@skadden.com

Parker Rider-Longmaid
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
500 Boylston St.
Boston, MA 02116

*Counsel for Petitioner Valve Corporation*

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ........ ii

INTRODUCTION ........ 1

I. The appeal would present controlling questions of law and would materially advance the ultimate termination of the litigation. ........ 2

II. There are substantial grounds to disagree with the district court's resolution of the questions presented ........ 10

CERTIFICATE OF COMPLIANCE ........ 15

CERTIFICATE OF SERVICE ........ 16

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Bassett v. Electronic Arts Inc.*,
No. 13-cv-4208, 2015 WL 1298644
(E.D.N.Y. Feb. 9, 2015),
*report and recommendation adopted*,
93 F. Supp. 3d 95 (Mar. 23, 2015) .......... 12, 13

*Betschart v. Oregon*,
103 F.4th 607 (9th Cir. 2024) .......... 7

*Couch v. Telescope Inc.*,
611 F.3d 629 (9th Cir. 2010) .......... 11

*DeAsis v. YMCA of Yakima*,
183 Wash. App. 1018, 2014 WL 4376038
(Ct. App. Sep. 4, 2014) .......... 11, 12

*Disney Enterprises, Inc. v. VidAngel Inc.*,
869 F.3d 848 (9th Cir. 2017) .......... 7

*Humane Society of United States v. Gutierrez*,
523 F.3d 990 (9th Cir. 2008) .......... 7, 8

*In re Cement Antitrust Litigation (MDL No. 296)*,
673 F.2d 1020 (9th Cir. 1981) .......... 6

*In re iPhone Application Litigation*,
No. 11-md-2250, 2011 WL 4403963
(N.D. Cal. Sep. 20, 2011) .......... 12, 13

*Ireland-Gordy v. Tile, Inc.*,
No. 25-403, 2026 WL 594859 (9th Cir. Mar. 3, 2026) .......... 10, 11

*Kueher v. Dickinson & Co.*,
84 F.3d 316 (9th Cir. 1996) .......... 6

*Leong v. Square Enix of North America Holdings, Inc.*,
No. 9-cv-4484, 2010 WL 1641364
(C.D. Cal. Apr. 20, 2010),
*aff'd*, 462 F. App'x 688 (9th Cir. 2011) .......... 10, 12

**TABLE OF AUTHORITIES**
(continued)

**Page(s)**

*Sterling v. Feek*,
150 F.4th 1247 (9th Cir. 2025) .......... 6

*Wiseley v. Amazon.com, Inc.*,
709 F. App'x 862 (9th Cir. 2017) .......... 12

*Yamaha Motor Corp., U.S.A. v. Calhoun*,
516 U.S. 199 (1996) .......... 1, 3, 9

**STATUTE**

28 U.S.C. § 1292(b) .......... 2, 3, 5, 6, 7, 10, 11, 13

## INTRODUCTION

Respondents' opposition confirms there is no reason to reject the district court's certification for interlocutory appeal of its order denying a preliminary injunction. Respondents essentially argue that the district court can't use shorthand in certifying, or determine that an appeal would materially advance its own docket. That's wrong. The Court should grant review.

Respondents first argue that the district court didn't certify the questions presented. That's wrong, because the questions presented are "fairly included within the certified order." *Yamaha Motor Corp., U.S.A. v. Calhoun*, 516 U.S. 199, 205 (1996). The court certified "whether Valve's adoption of new contract terms in September 2024 was unconscionable as to [Respondents]," SA2, and the questions Valve has presented directly challenge the legal bases for the court's unconscionability ruling.

Respondents next say the questions aren't controlling, and resolving them wouldn't materially advance the case. But the district court, best positioned to make that call, found the questions "plainly" "controlling" and found that they would largely resolve (a) Valve's claims, (b) Respondents' defenses, (c) several motions to confirm or vacate arbitral awards, and (d) at least six other actions. SA3. There's no reason to second-guess those findings.

## I. The appeal would present controlling questions of law and would materially advance the ultimate termination of the litigation.

**A.** As Valve explained (Pet. 15-18), the district court's preliminary injunction "order involves … controlling question[s] of law" and "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). The questions presented—(a) whether a company can condition licenses to recreational software on acceptance of the company's contractual terms, and (b) whether a contract that withdraws consent to pending arbitrations is unlawful—are questions of law. Pet. 15-16; SA3-SA4. Those questions are controlling because their answers will determine whether the Current Agreement is enforceable—the central issue in this case. Pet. 16-17; SA4. And the questions would materially advance the litigation's termination because their resolution will largely determine (a) whether Valve's claims can succeed, (b) whether Respondents' pending motion to dismiss should be denied on the merits, (c) several motions to confirm or vacate arbitration awards, and (d) at least six other actions pending before the district court. Pet. 17-18; SA4-SA5.

**B.** Respondents' counterarguments lack merit.

**1.** Respondents first claim (Opp. 12-13) the Court cannot consider

the questions presented because they weren't certified by the district court. That misstates the law and what the orders and Valve's filings say.

*First*, as the Supreme Court decision Respondents cite (Opp. 11) explains, under "the text of § 1292(b)," "appellate jurisdiction applies to the *order* certified to the court of appeals, and is not tied to the particular question formulated by the district court." *Yamaha*, 516 U.S. at 205. Thus, an "appellate court may address any issue fairly included within the certified order because 'it is the *order* that is appealable, and not the controlling question identified by the district court.'" *Id.* So Respondent's argument fails. It doesn't matter that the district court's formulation of the controlling legal issues somehow differs from what Valve proposed.

*Second*, there is no meaningful distinction between the district court's formulation and Valve's anyway. The district court certified "whether Valve's adoption of new contract terms in September 2024 was unconscionable as to [Respondents]." SA2. In so doing, the district court expressly certified the question "Valve … frames" and "refer[red] the reader to the [underlying] order" denying a preliminary injunction. SA2. Put simply, the court certified whether its unconscionability ruling was correct, by reference to its order *and* Valve's questions.

That's more than enough to dispatch Respondents' argument. But to confirm the point, consider what the district court held in denying Valve's request for a preliminary injunction. According to the court, the Current Agreement's terms are (a) procedurally unconscionable because they condition users' access to their Steam libraries on accepting the updated terms; and (b) substantively unconscionable because they withdraw Valve's consent to arbitration after Respondents had taken steps to initiate arbitrations. SA25-SA27, SA29-SA30. The legal premises underlying those rulings, and thus the district court's overall unconscionability determination, which the court certified for review, are exactly what Valve's questions target. There is thus no "mismatch" (Opp. 12) between what the district court certified and what Valve now asks this Court to review.

Respondents' related claim (Opp. 8-9) that Valve presented different questions to the district court and this Court is false. Valve told the district court that the controlling legal questions are "whether parties with a pending dispute in one forum may agree to (a) condition ongoing use of a nonessential recreational product or service on acceptance of terms governing that use; and (b) a different forum for resolving disputes." Dist. Ct. Dkt. 173 at 6. Valve presents those same questions to this Court. *See* Pet. 1.

**2.** Respondents next claim (Opp. 14-17, 19-20) that the questions presented aren't certifiable under § 1292(b) because they involve application of settled law to particular facts, rather than a dispute about the legal standard. That's false, too. The district court concluded that consumer contracts that place conditions on a company's agreement to continue providing an otherwise terminable license to software are inherently procedurally unconscionable. SA25. And it concluded that consumer contracts that withdraw consent to arbitrate after consumers have taken steps to initiate arbitration are inherently substantively unconscionable. SA29. Those rulings didn't turn on any unique, case-specific facts; rather, the underlying reasoning applies to countless other circumstances in which companies offer licensed electronic goods or services. Respondents' attempts to portray the dispute as turning solely on fact-bound application of well-established law to case-specific facts rather than the content of unconscionability law are meritless. As Valve's petition (Pet. 19-28) and this reply (at 10-13) explain, the parties vigorously dispute the controlling legal principles, and there is ample reason to disagree with the district court's resolution of those principles.

**3.** Respondents' fallback argument (Opp. 17-18) is that the legal issues for appeal aren't "controlling" because the district court disagreed with

Valve on all of the preliminary injunction factors, and not just on likelihood of success on the merits. Thus, in Respondents' telling, agreeing with Valve's view on the merits of the questions presented wouldn't lead to reversal of the preliminary injunction order. That argument fails thrice over.

*First*, there is no requirement that questions presented must resolve all the issues in the order on review, much less the underlying litigation, to be considered "controlling." The Court isn't even required to definitively resolve all issues in an order on review, and can limit its considerations to particular issues. *See Sterling v. Feek*, 150 F.4th 1247, 1251 (9th Cir. 2025). "Rather," as the decision Respondents cite (Opp. 17) explains, "all that must be shown in order for a question to be 'controlling' is that resolution of the issue on appeal could materially affect the outcome of litigation in the district court." *In re Cement Antitrust Litigation (MDL No. 296)*, 673 F.2d 1020, 1026 (9th Cir. 1981). And "an order may involve a controlling question of law if it could cause the needless expense and delay of litigating an entire case in a forum that has no power to decide the matter." *Kueher v. Dickinson & Co.*, 84 F.3d 316, 319 (9th Cir. 1996). That all makes sense: Section 1292(b) requires that the appeal "may materially advance the ultimate termination of the litigation," not that the appeal will, without more, fully decide and end the

litigation. The term "controlling question" must be understood in the context of the rest of the same sentence. *See* 28 U.S.C. § 1292(b).

The correct "controlling question" standard is clearly satisfied here. As the district court explained, if the Current Agreement and its "retroactive forum-selection clause are found to be enforceable, there is little remaining question as to whether Valve is entitled to declaratory relief." SA3. Ruling for Valve on the questions presented would all but resolve this litigation. It would certainly "materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b).

*Second*, and in any event, resolving the questions presented would lead to reversal of the district court's preliminary injunction ruling. Under this Court's "sliding scale approach" to preliminary injunctions, "the elements of the preliminary injunction test are balanced, so that a stronger showing of one element may offset a weaker showing of another." *Betschart v. Oregon*, 103 F.4th 607, 619 (9th Cir. 2024). "Likelihood of success on the merits 'is the most important' [preliminary injunction] factor." *Disney Enterprises, Inc. v. VidAngel Inc.*, 869 F.3d 848, 856 (9th Cir. 2017) (citation omitted). Thus, the showing a plaintiff must make on the other three factors is inversely proportional to the strength of the plaintiff's case on the merits. *See, e.g.*, *Humane*

*Society of United States v. Gutierrez*, 523 F.3d 990, 991 (9th Cir. 2008). Put simply, the stronger the case on the merits, the less important it is to show any other factors.

Here, if the Court agrees with Valve on the merits of the questions presented, Valve would prevail on the merits of this lawsuit because whether the Current Agreement is unconscionable—and thus unenforceable—is the central question in dispute. If the Court agrees with Valve on the merits, this Court (or the district court on remand) would find that the remaining preliminary injunction factors favor Valve given its showing on the merits.

The district court's assessment of irreparable harm, the balance of the equities, and the public interest prove the point: They were all strongly influenced by the court's conclusion that Valve lacked a legal right to enforce the Current Agreement. *See* SA33-37. On irreparable harm, the court faulted Valve for "preferr[ing] court" over arbitration as drafter of the contracts. SA34. But if Valve is right about the licenses, it had every right to ask licensees to agree to a judicial forum instead of arbitration. On balance of equities, the court reasoned that an injunction "would erase" work done in arbitration. SA34-35. But if Valve is right on the merits, that "work" was done without authority. And on the public interest, the court reasoned that

arbitration agreements stand on equal footing with other contracts and the Current Agreement was the result of "the drafter's prerogative" rather than "mutual consent." SA36-37. But Valve's point on the merits is that the Current Agreement *is* the result of mutual consent based on fundamental and generally applicable contract-law principles.

*Finally*, as noted (at p. 3), "the courts of appeals" may "exercise jurisdiction over any question that is included within the order that contains the controlling question of law identified by the district court." *Yamaha*, 516 U.S. at 204. The district court thought Valve's questions presented were controlling. There is thus no issue with this Court's reviewing the order and any subsidiary questions it addresses, and then remanding to the district court to continue presiding over the litigation. *See supra* pp. 6-7.

**4.** Respondents argue (Opp. 27-28) that resolving the questions presented wouldn't materially advance the litigation because they have other defenses to enforcing the Current Agreement besides unconscionability. But, tellingly, Respondents don't identify any other defenses or explain why they would make a difference. As the district court recognized, resolving the unconscionability issue would leave "little remaining question as to whether Valve is entitled to declaratory relief." SA3.

**5.** Respondents claim (Opp. 28-31) this case is already on track for a prompt merits disposition, so granting interlocutory review is unnecessary and would only cause delay. Respondents have it backwards: As the district court explained, reversing on the questions presented would resolve Respondents' pending motions to dismiss and "several auxiliary matters [now] pending," including "outstanding motions to confirm or vacate various arbitral awards." SA4. Granting review will advance the litigation. Denying review will only drag out the resolution of the case and related litigation.

## II. There are substantial grounds to disagree with the district court's resolution of the questions presented.

**A.** There is also "substantial ground for difference of opinion" as to the district court's resolution of the questions presented. 28 U.S.C. § 1292(b). Contrary to the district court's order, several courts have held that contracts allowing companies to revoke access to licensed recreational software are not procedurally unconscionable. *See, e.g.*, *Leong v. Square Enix of North America Holdings, Inc.*, No. 9-cv-4484, 2010 WL 1641364, at *10 (C.D. Cal. Apr. 20, 2010), *aff'd*, 462 F. App'x 688, 689 (9th Cir. 2011); Pet. 20-24. Similarly, several courts have held that it is not substantively unconscionable for a company to offer—and a consumer to agree to—contractual terms changing a dispute-

resolution forum after proceedings have been initiated. *See, e.g.*, *Ireland-Gordy v. Tile, Inc.*, No. 25-403, 2026 WL 594859, at *1-5 (9th Cir. Mar. 3, 2026); Pet. 24-28. That disagreement confirms that the questions presented warrant § 1292(b) review. *See Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010).

**B.** Respondents don't even try to dispute that reasonable jurists could disagree with the district court's conclusion that a contract is substantively unconscionable if it withdraws consent to arbitration after arbitral proceedings have been initiated. Plainly, courts can disagree—and have disagreed—with that premise. *See* Pet. 24-28 (collecting authorities).

Instead, Respondents argue (Opp. 21-25) that reasonable jurists couldn't disagree with the conclusion that it was *procedurally* unconscionable for Valve to condition Respondents' continued access to their Steam libraries on their assent to the Current Agreement. That is so, they say, because some of the decisions Valve identified reaching the opposite conclusion are distinguishable. That argument fails.

To start, Respondents don't dispute that the district court's decision conflicts with the Washington Court of Appeals' decision in *DeAsis v. YMCA of Yakima*, 183 Wash. App. 1018, 2014 WL 4376038, at *5-6 (Ct. App. Sep. 4, 2014), which rejected an argument that a health club's membership

agreement was procedurally unconscionable because "a health club is not essential," so consumers had ample power to reject the agreement. Nor do Respondents dispute that the district court's decision conflicts with *Leong*, 2010 WL 1641364, at *10, *aff'd*, 462 F. App'x at 689, which rejected arguments that a contract allowing the defendant to revoke the plaintiff's access to licensed video game software was procedurally or substantively unconscionable under California law. California's unconscionability law is "substantially similar" to Washington's. *Wiseley v. Amazon.com, Inc.*, 709 F. App'x 862, 863 (9th Cir. 2017). So there is a conflict among lower court decisions regardless of Respondents' attempts to distinguish other decisions.

And the purported distinctions are unpersuasive anyway. Respondents argue (Opp. 24-25) that *In re iPhone Application Litigation*, No. 11-md-2250, 2011 WL 4403963, at *8 (N.D. Cal. Sep. 20, 2011), and *Bassett v. Electronic Arts Inc.*, No. 13-cv-4208, 2015 WL 1298644, at *11 (E.D.N.Y. Feb. 9, 2015), *report and recommendation adopted*, 93 F. Supp. 3d 95 (Mar. 23, 2015)—two decisions that rejected arguments that contracts restricting access to licensed video game software were procedurally unconscionable—are distinguishable because Respondents supposedly would have suffered more harm from losing access to their Steam libraries than the plaintiffs in those cases. But the

courts in *iPhone* and *Bassett* reasoned that consumers don't face unconscionable coercion when all that's at stake is losing access to licensed recreational software, *see id.*—exactly what's at issue in this case.

*     *     *

Despite Respondents' attempts to distort the law and record, the district court's properly certified order denying a preliminary injunction turns on novel and disputed legal issues that will resolve the litigation if this Court grants review and reverses. The Court should grant Valve permission under 28 U.S.C. § 1292(b) to appeal.

Dated: August 26, 2026

Respectfully submitted,

*/s/ Shay Dvoretzky*

Shay Dvoretzky
SKADDEN, ARPS, SLATE,
MEAGHER & FLOM LLP
1440 New York Ave. NW
Washington, DC 20005
Telephone: 202-371-7000
shay.dvoretzky@skadden.com

Parker Rider-Longmaid
SKADDEN, ARPS, SLATE,
MEAGHER & FLOM LLP
500 Boylston St.
Boston, MA 02116

Michael W. McTigue Jr.
Meredith C. Slawe
Shaud G. Tavakoli
SKADDEN, ARPS, SLATE,
MEAGHER & FLOM LLP
One Manhattan West
New York, NY 10001

Blake Marks-Dias
CORR CRONIN LLP
1015 Second Ave., Fl. 10
Seattle, WA 98104

*Counsel for Petitioner Valve Corporation*

**CERTIFICATE OF COMPLIANCE**

I hereby certify that this reply supporting the petition complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in a 14-point Book Antiqua font.

Dated: August 26, 2026

Respectfully submitted,

*/s/ Shay Dvoretzky*
Shay Dvoretzky

*Counsel for Petitioner*
*Valve Corporation*

**CERTIFICATE OF SERVICE**

Pursuant to Federal Rule of Appellate Procedure 25(b) and Circuit Rule 25-5(g)(1), I hereby certify that on August 26, 2026, I electronically filed this reply supporting the petition with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the ACMS system. I certify that all participants in the case are registered ACMS users and that the ACMS system will accomplish service.

Dated: August 26, 2026

Respectfully submitted,

*/s/ Shay Dvoretzky*
Shay Dvoretzky

*Counsel for Petitioner Valve Corporation*